1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   RAYMOND RODRIGUEZ,                    No. 2:17-CV-0611-MCE-CMK-P

12              Plaintiff,

13        vs.                             <u>FINDINGS AND RECOMMENDATIONS</u>

14   COUNTY OF SACRAMENTO, et al.,

15              Defendants.

16   _____/

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.

19              On May 25, 2017, the court determined that plaintiff's complaint was appropriate

20   for service and directed plaintiff to submit documents for service by the United States Marshal

21   within 30 days.  Plaintiff was warned that failure to submit the required documents may result in

22   dismissal of this action for lack of prosecution and failure to comply with court rules and orders.

23   <u>See</u> Local Rule 110.  On September 18, 2017, the court directed plaintiff to show cause why this

24   action should not be dismissed for failure to prosecute and comply with court rules and orders.

25   Plaintiff was once again warned that failure to comply could result in dismissal of the action.

26   <u>See</u> <u>id.</u>  To date, plaintiff has not submitted service documents or responded to the court's

1 September 28, 2017, order to show cause.

2      The court must weigh five factors before imposing the harsh sanction of

3 dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.

4 U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's

5 interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)

6 the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on

7 their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran,

8 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an

9 appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.

10 See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is

11 appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421,

12 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to

13 comply with an order to file an amended complaint. See Ferdik v. Bonzelet, 963 F.2d 1258,

14 1260-61 (9th Cir. 1992).

15      Having considered these factors, and in light of plaintiff's failure to submit

16 service documents as directed, the court finds that dismissal of this action is appropriate.

17 / / /

18 / / /

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

1    Based on the foregoing, the undersigned recommends that this action be

2    dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and

3    orders.

4    These findings and recommendations are submitted to the United States District

5    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

6    after being served with these findings and recommendations, any party may file written

7    objections with the court.  Responses to objections shall be filed within 14 days after service of

8    objections.  Failure to file objections within the specified time may waive the right to appeal.

9    See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10

11   DATED:  March 19, 2018

12

13   _____
     **CRAIG M. KELLISON**
     UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26